FILED
00 MAR -1 PM 4:18
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NELLY WASSEF,**

**CASE NO. 8:00CV214-T-17B**

**Plaintiff,**

**v.**

**TIMOTHY MCCLAMMA, and
Walgreens CO.,**

**Defendants.**

_______________________________/

**DEFENDANT WALGREEN COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, the Defendant, WALGREEN CO. (hereinafter "Walgreens" or "Defendant"), by and through its undersigned attorneys, and hereby responds to Plaintiff's Complaint and demand for jury trial and state as follows:[1]

**INTRODUCTION AND JURISDICTION**

1. Defendant admits that Plaintiff is suing Defendant under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e, *et. seq.*, under the Florida Civil Rights Act of 1992, Chapter 760, Fla. Stat. (1997), and under Florida common law and that Plaintiff is seeking compensatory and punitive damages, equitable relief, costs of litigation, interest and reasonable attorney's fees. Defendant denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

---

[1] Walgreen is only filing an Answer on behalf of Walgreen so Walgreen will not submit a response on behalf of McClamma or respond to any of the allegations raised against McClamma to which Walgreen has no knowledge. However, to the extent any allegations raised against McClamma implicate Walgreen, Walgreen specifically denies the same.

3

2. Admitted for jurisdictional purposes of the Plaintiff's claim under Title VII only. Defendant specifically denies that Plaintiff has or can state a claim under Title VII of the Civil Rights Act of 1964, as amended, or under any of the state law claims. Defendant denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

3. Admitted for venue purposes only.

**PARTIES**

4. Admitted.

5. Admitted.

6. Defendant admits that McClamma was an "employee" of Walgreens under 42 U.S.C. §2000e(f) and was employed as an assistant manager. Defendant denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

**Compliance with Procedural Requirements**

7. Defendant is without knowledge as to the allegations contained in this paragraph of Plaintiff's Complaint and, therefore, denies the same.

**General Allegations**

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Defendant admits that McClamma was transferred from one Walgreens branch to another. Defendant denies the remaining allegations contained in this paragraph of Plaintiff's

Complaint.

14. Denied.

15. Defendant admits that Walgreens had a Policy Against Sexual Harassment. Defendant denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

16. Defendant admits that Defendant terminated Wassef's employment. Defendant denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

**COUNT I - TITLE VII VIOLATIONS AGAINST WALGREEN**

17. Walgreens adopts and incorporates its responses to paragraphs 1 through 16 of Plaintiff's Complaint.

18. Denied.

19. Denied.

20. Denied.

Walgreens denies that Plaintiff is entitled to any of the relief or damages contained in her Prayer for Relief under Count I including all subparts.

**COUNT II - FLORIDA CIVIL RIGHTS ACT OF 1992 CLAIM AGAINST WALGREEN**

21. Walgreens adopts and incorporates its responses to paragraphs 1 through 16 of Plaintiff's Complaint.

22. Denied.

23. Denied.

Walgreens denies that Plaintiff is entitled to any of the relief or damages contained in her Prayer for Relief under Count II including all subparts.

**COUNT III - NEGLIGENT TRAINING, SUPERVISION AND RETENTION AGAINST WALGREEN**

24. Walgreens adopts and incorporates its responses to paragraphs 1 through 16 of Plaintiff's Complaint.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

Walgreens denies that Plaintiff is entitled to any of the relief or damages contained in her Prayer for Relief under Count III including all subparts.

**COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST WALGREEN AND MCCLAMMA**

30. Defendant adopts and incorporates its responses to paragraphs 1 through 16 of Plaintiff's Complaint.

31. Denied.

32. Denied.

Defendant denies that Plaintiff is entitled to any of the relief or damages contained in her Prayer for Relief under Count IV including all subparts.

**COUNT V - ASSAULT AND BATTERY AGAINST MCCLAMMA**

The allegations contained in this section of Plaintiff's Complaint are not directed towards Walgreens so Walgreens will not respond to this Count. However, to the extent any of these allegations implicate Walgreens in any way, Walgreens denies the same.

**COUNT VI - INVASION OF PRIVACY (INTRUSION) FOR SEXUAL HARASSMENT AGAINST WALGREENS AND MCCLAMMA**

37. Defendant adopts and incorporates its responses to paragraphs 1 through 16 of Plaintiff's Complaint.

38. Denied.

39. Denied.

40. Denied.

**AFFIRMATIVE DEFENSES**

1. To the extent that Plaintiff has failed to mitigate her damages, she is not entitled to relief.

2. To the extent that Plaintiff has failed to exhaust her administrative remedies under either Title VII of the Civil Rights Act of 1964, as amended, or the Florida Civil Rights Act, she is not entitled to relief.

3. Plaintiff was, either partially or entirely, comparatively and/or contributorily negligent.

5. All of Walgreens' actions with respect to Plaintiff were undertaken in good faith and without malice of any kind.

6. Plaintiff's claims under Counts III, IV and VI are preempted by the Florida Civil Rights Act, § 760.01 et seq., Fla. Stat.

7. Plaintiff's claims under Counts III, IV and VI are barred by the Florida worker's compensation statute.

8. At all times material to the claims by the Plaintiff the Defendant maintained a well publicized employment policy prohibiting sexual harassment of its employees and the Plaintiff knew

or should have known of the existence of such policy. Despite such knowledge, the Plaintiff failed to inform any supervisor of the Defendant of her claim of sexual harassment by McClamma. Therefore, the Plaintiff is barred from any recovery herein under Count I (Title VII) and Count II (Florida Statute Chapter 670).

As to all counts, Plaintiff has failed to state a claim upon which relief can be granted.

Dated this 1st day of March, 2000.

William E. Sizemore
Florida Bar No. 121067
S. Gordon Hill
Florida Bar No. 0094374
THOMPSON, SIZEMORE & GONZALEZ
P.O. Box 639
Tampa, FL 33601
(813) 273-0050 (phone)
(813) 273-0072 (facsimile)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail to Andrea Teves Smith, Esquire and Stephen Senn, Esquire, Peterson & Myers, P.A., P.O. Box 24628, Lakeland, FL 33802-4628, this 1st day of MARCH, 2000.

Attorney

G:\WALGREEN\wassef\answer-walgreen.wpd