IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELLY WASSEF

    Plaintiff,

CASE NO. 8:00CV214-T-17B

v.

TIMOTHY McCLAMMA, and
WALGREEN CO.,

    Defendants.
_____/

### TIMOTHY McCLAMMA'S RESPONSE TO PLAINTIFF'S COMPLAINT

Defendant, Timothy McClamma ("McClamma"), by and through his undersigned counsel hereby responds to Plaintiff's Complaint as follows:

#### Introduction and Jurisdiction

1. Defendant admits to the jurisdiction of this court, otherwise denied.

2. Defendant admits to the jurisdiction of this court, otherwise denied.

3. Defendant admits to venue otherwise denied.

#### Parties

4. Admitted.

5. Admitted.

6. Admitted that McClamma was an assistant manager and employee of Walgreen Co. and was at all times acting in the course and scope of his employment with Walgreen Co., otherwise, denied.

#### Compliance with Procedural Requirements

7. McClamma is without knowledge therefore, denied.



## General Allegations

8. Denied.

9. McClamma denies sub-paragraphs (a) through (h).

10. Denied.

11. Denied.

12. Denied.

13. McClamma admits he was transferred from one Walgreens branch to another branch at which Wassef was employed, otherwise denied.

14. Denied.

15. Denied.

16. Denied.

### COUNT I – TITLE VII VIOLATIONS AGAINST WALGREEN

Not applicable to Defendant, McClamma.

### COUNT II – FLORIDA CIVIL RIGHTS ACT OF 1992 CLAIM AGAINST WALGREEN

Not applicable to Defendant, McClamma.

### COUNT III – NEGLIGENT TRAINING, SUPERVISION AND RETENTION AGAINST WALGREEN

Not applicable to Defendant, McClamma.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST WALGREEN AND McCLAMMA

30. McClamma readopts and realleges his responses to paragraphs 1 through 16 set forth above.

31. Denied.

32. Denied.

### COUNT V – ASSAULT AND BATTERY AGAINST McCLAMMA

33. McClamma readopts and realleges his responses to paragraphs 1 through 16.

34. Denied.

35. Denied.

36. Denied.

### COUNT VI – INVASION OF PRIVACY (INTRUSION) FOR SEXUAL HARASSMENT AGAINST WALGREEN AND McCLAMMA

37. McClamma readopts and realleges his responses to paragraphs 1 through 16.

38. Denied.

39. Denied.

40. The Plaintiff's "Wherefore" paragraph is not truly susceptible to affirmance or denial, however, McClamma also demands a trial by jury but denies Plaintiff is entitled to any recovery or damages.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

McClamma adopts as though fully set forth herein the Affirmative Defenses asserted by Defendant, Walgreen Co.

### Second Affirmative Defense

Count IV of Plaintiff's Complaint, the Intentional Infliction of Emotional Distress, fails to allege sufficient facts to state a cause of action under Florida law.

### Third Affirmative Defense

Count V of Plaintiff's Complaint for assault and battery fails to allege sufficient facts to state a cause of action under Florida law and in additional requests damages not available under such a cause of action and should be stricken from the Complaint.

### Fourth Affirmative Defense

Count VI of Plaintiff's Complaint, Invasion of Privacy, fails to allege sufficient facts to support a cause of action under Florida law and in addition requests damages not available under such a cause of action and should be stricken from the Complaint.

### Fifth Affirmative Defense

Plaintiff failed to make known to McClamma her objection to his behavior or any physical contact; if any occurred it was inadvertent or welcomed by Plaintiff.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Andrea Teves Smith, Esquire, POB 24628, Lakeland, Florida 33802-4628; William E. Sizemore, Esquire, POB 639, Tampa, Florida 33601 this 13 day of March, 2000.

BY: _____
DOUGLAS M. FRALEY, ESQ.
DOUGLAS M. FRALEY, P.A.
501 E. Kennedy Boulevard
Suite 1225
Tampa, FL 33602
(813) 229-8300
Florida Bar No. 654728
Attorney for Defendant, McClamma